Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| ING. VÍCTOR M. NEGRÓN RAMOS, P.E.<br><br>Proponente-Recurrido<br><br>JUAN R. RAMOS MELECIO<br><br>Dueño del Proyecto-Recurrido<br><br>v.<br><br>IRAIDA TORRES RIVERA<br><br>Interventora-Recurrente<br><br>OFICINA DE GERENCIA DE PERMISOS<br><br>Agencia Recurrida | KLRA202300013 | Revisión Judicial Procedente de la Oficina de Gerencia de Permisos<br><br>Caso Núm.: 2018-232562-CCO-002780<br><br><br>Sobre: Construcción techo de zinc para área de mecánica liviana |

Panel integrado por su presidente el Juez Rodríguez Casillas, la Jueza Mateu Meléndez y el Juez Marrero Guerrero.

Mateu Meléndez, Jueza ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de febrero de 2023.

El 11 de enero de este año, la Sra. Iraida Torres Rivera compareció ante este Tribunal de Apelaciones mediante un recurso de *Revisión Administrativa* en el que impugna la *Resolución* emitida por la Oficina de Gerencia de Permisos (OGPe o agencia recurrida) en el caso de consulta de construcción número 2018-232562-CCO-002780. Por virtud del aludido dictamen, la OGPe declaró favorable la solicitud sometida por el Sr. Juan R. Ramos Melecio (señor Ramos o recurrido) para la operación de un taller de mecánica liviana, lavado de autos, cambio de aceite y filtro y venta de accesorios de auto.

Por los fundamentos que más adelante consignamos, **confirmamos** la decisión recurrida. Veamos.

Número Identificador

SEN2023 _____

## I

Los hechos del presente caso guardan relación con aquellos consignados en la *Sentencia* que un panel hermano de este Tribunal de Apelaciones emitió el 8 de marzo de 2022 con relación al pleito de epígrafe.[1] Por razón de ello, a continuación, incorporamos a la presente *Sentencia* aquellos hechos reseñados en dicha ocasión que son pertinentes a la controversia que hoy debemos resolver. Estos son como a continuación se detalla.

El 30 de enero de 2007, la OGPe en el caso núm.05PU6- 00000-00297, emitió un *Permiso de Uso* solicitado por el señor Ramos para la operación de un taller de mecánica liviana, lavado de autos, cambio de aceite y filtro y venta de accesorios de auto. Debido a que la recurrente se sentía afectada por las obras de construcción en el taller en cuestión, presentó ante la Junta de Planificación de Puerto Rico (en adelante, JP) la Querella núm. 2018-SRQ-003354. En mérito de tal querella, la JP realizó una inspección de campo en la propiedad y observó que, en efecto, había trabajos de construcción sin evidencia de los permisos requeridos. Así, el 21 de junio de 2018, la JP emitió una *Notificación de Hallazgos y Orden de Mostrar Causa* ordenándole al señor Ramos Melecio a mostrar causa de por qué no debía imponerle multa de quinientos dólares ($500.00), por cierta construcción sin los correspondientes permisos.

Posteriormente, el 19 de julio de 2018, la señora Torres Rivera presentó ante la Sala Municipal de Toa Baja una querella bajo la Ley de Controversias y Estados Provisionales de Derecho, Ley Núm. 140 de 23 de julio de 1974 (en adelante, Ley Núm. 140). Ese día, se emitió una *Orden de Citación*. Ulteriormente, el 24 de octubre de 2018, notificada el 26, el TPI emitió *Orden* en la que le ordenó al querellado, quien no compareció a pesar

---

[1] Así pues, tomamos conocimiento judicial de la *Sentencia* dictada en el aludido caso, en particular de los hechos ahí consignados

de haber sido citado en sala, tomar las medidas necesarias para mitigar los sonidos y ruidos procedentes de los diferentes equipos que utiliza y prohibir que los camiones permanezcan encendidos en los predios de su negocio.

En adición a los trámites ya detallados, la recurrente también presentó contra el señor Ramos una querella por ruido de maquinaria ante la Junta de Calidad Ambiental (en adelante, JCA). El 25 de septiembre de 2018 la JCA, a través del Inspector Edwin Borrás Otero, recomendó una reinspección a través del Informe de Caso Investigado con las siguientes observaciones:

> Al momento de la inspección la fuente emisora se encontraba operando. Se tomó una lectura de sonido en la colindancia de la parte querellante la Sra. Iraida Torres Rivera esto para conocer el nivel de sonido de las maquinarias utilizadas en el taller de mecánica del querellado el Sr. Juan R. Ramos Melecio. Los resultados obtenidos fueron de 88 db(A) proveniente de la pistola de impacto, 83 db(A) martilleo en superficie de metal, 68 db(A) compresor de aire y 75 db(A) de golpe al tirar las herramientas. Estos ruidos sí tienen el potencial de sobrepasar los niveles establecidos por el Reglamento para el Control de la Contaminación por Ruido (RCCR). El nivel de sonido de fondo en ese momento fue de 50 db (A). Se orientó a la parte querellante sobre la querella y el RCCR. Se le enviará una carta de orientación a la parte querellada sobre los niveles de las maquinarias que sobrepasaron los niveles establecidos por el reglamento.

Así las cosas, la Gerente Interina del Área de Control y Contaminación de Ruido y Lumínica, la Sra. Vanessa Villafañe Cruz, orientó al señor Ramos Melecio sobre el Reglamento antes referido por tener las maquinarias el "potencial de exceder el límite de sonido establecido para una zona residencial en el período diurno que comprende de 7:00 am a 10:00 pm y el nivel reglamentado es de 65db(A)".

El 4 de septiembre de 2018, el señor Ramos Melecio, por conducto del Ing. Negrón Ramos, sometió ante la consideración de la OGPe la Solicitud de Construcción Núm. 2018-232562-CCO-002780, donde propuso la legalización de la ampliación del Taller de Mecánica Liviana en material mixto (Tubo Galvanizado y Zinc Acanalado).

El 5 de noviembre de 2019 la parte recurrente, quien reside en la colindancia del taller, presentó una Solicitud de Intervención para la Solicitud de Permiso Núm. 2018-232562-CCO-002780. Dicha solicitud fue aprobada a través de la Resolución Sobre Solicitud de Intervención el 29 de marzo de 2019. Así las cosas, la señora Torres Rivera presentó una *Moción Solicitando Vista Administrativa* el 12 de julio de 2019. La OGPe celebró vista administrativa.

El 17 de julio de 2019, la Junta Adjudicativa de la OGPe dictó *Resolución sobre Consulta de Construcción* mediante la cual determinó favorable la consulta de construcción solicitada por el señor Ramos. Inconforme con esa determinación, Torres Rivera compareció ante este Tribunal de Apelaciones mediante el recurso KLRA202000106 en el que alegó que se cometieron los siguientes errores:

> Erró en derecho la Oficina de Gerencia de Permisos pues, según la conclusión de derecho núm. 3, identificó la propuesta y su adjudicación al amparo del plan territorial de Peñuelas, por lo que viola el debido proceso de ley a la recurrente.

> Erró en derecho la Oficina de Gerencia de Permisos pues, la consulta de construcción no es el vehículo procesal para este caso.

> Erró en derecho la Oficina de Gerencia de Permisos pues, el uso lo evaluó como uso principal, permitiendo así la intensificación del uso de la tierra, donde ya existen dos usos principales, por lo que la propuesta conlleva una consulta de ubicación.

> Erró en derecho la Oficina de Gerencia de Permisos, al conceder a esta operación la exclusión categórica núm. (relación de hechos núm. 10, apéndice 1, pág.1)

Con fecha del 8 de marzo de 2022, este Tribunal de Apelaciones dictó *Sentencia* mediante la cual, debido a que la determinación emitida fue basada en el Plan Territorial de Peñuelas cuando el predio en controversia ubicaba en el Municipio de Toa Baja, se revocó la resolución recurrida y se devolvió el caso al foro administrativo para que continuara el trámite

administrativo y resolviera conforme a los planos territoriales y la legislación correcta.

En cumplimiento con ello, finalmente el 15 de diciembre de 2022 la OGPe emitió la *Resolución sobre consulta de construcción* objeto de revisión en el recurso de epígrafe. En esta, concluyó que el Plan Territorial de Toa Baja vigente, así como el Reglamento Conjunto de Permisos para Obras de Construcción y Uso de Terrenos, vigente del 29 de noviembre de 2010 son los cuerpos reglamentarios aplicables a la consulta de construcción evaluada. Asimismo, habida cuenta las determinaciones de hecho y conclusiones de derecho consignadas, la OGPe emitió una determinación favorable para la solicitud de consulta de construcción. Esto, condicionado al cumplimiento con el Artículo 807 del Código Civil de Puerto Rico sobre las distancias para abrir ventanas con vistas rectas y balcones,31 LPRA Sec. 8070. Igualmente, debía actualizarse la Recomendación de la División de Salud (DS) y Seguridad (CB); recogerse las aguas pluviales de manera que caigan en la propiedad del señor Ramos y no afecten terrenos colindantes y proveer aislamiento sónico y garantizar cumplimiento con el Reglamento para el Control de la Contaminación por Ruido.

En desacuerdo, la señora Torres instó el recurso de revisión administrativa de epígrafe en el que como único señalamiento de error apunta que incidió la OGPe al meramente enmendar la resolución previamente emitida y violentar así la *Sentencia* emitida en el caso Número KLRA202000106, así como el debido proceso de ley que le cobija. Atendido el recurso, el 17 de enero de 2023 emitimos *Resolución* concediendo a las partes recurridas término para comparecer a someter su posición.

El 10 de febrero de este año, el señor Ramos presentó una *Moción solicitando desestimación y solicitud de desglose,* en la que señaló que la señora Torres incluyó con su recurso documentación que no forma parte del expediente administrativo y que esta en su exposición de hechos relató

asuntos que nada tienen que ver con el trámite acaecido en la agencia administrativa por lo que deben ser desglosados. Así, de igual forma, reclama que la acción de la recurrente incumple con varias de las disposiciones reglamentarias del Reglamento del Tribunal de Apelaciones que ameritan su desestimación. El 14 de febrero de 2023, la señora Torres se opuso a la solicitud de desestimación presentada por el señor Ramos, quien el 17 de febrero de 2023 sometió réplica. En su oposición, la peticionaria asevera que los argumentos del señor Negrón demuestran su contumacia en incumplir con las decisiones judiciales que se han emitido sobre la controversia. Más aun, afirma que ante la incorrecta acción de la OGPe de no comenzar desde el principio el proceso administrativo, no hay un expediente administrativo nuevo que producirse.

Evaluado el expediente, resolvemos declarar **No Ha Lugar** la solicitud de desestimación del señor Ramos y procedemos a resolver el recurso. Sobre este, el 17 de febrero de este año la OGPe compareció y sometió su *Oposición a revisión administrativa*. Así pues, con el beneficio de la comparecencia de las partes, así como de la agencia recurrida, resolvemos.

**II**

La competencia de este Tribunal de Apelaciones para revisar las actuaciones administrativas está contemplada en la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), Ley 38-2017, 3 LPRA Sec. 9601, *et seq*. A tales efectos, la Sección 4.1 de la LPAU dispone sobre la revisión judicial que las disposiciones de dicha ley serán aplicables a aquellas órdenes, resoluciones y providencias adjudicativas finales dictadas por agencias, las que serán revisadas por el Tribunal de Apelaciones mediante Recurso de Revisión. 3 LPRA Sec. 9671. Asimismo, la Sección 4.2 de la LPAU establece que la parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los

remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión dentro de treinta (30) días contados a partir de la fecha de archivo en autos de la notificación de la orden o resolución final. 3L.P.R.A. Sec. 9672.

Sabido es que en cuanto a la revisión judicial a la que se refiere la Sección 4.2. antes señalada, los tribunales apelativos estamos llamados a otorgar amplia deferencia a las decisiones administrativas. Esto, debido a la experiencia y pericia que se presume tienen tales organismos administrativos para atender y resolver los asuntos que por virtud de ley le han sido delegados. Graciani Rodríguez v. Garage Isla Verde, LLC, 202 D.P.R. 117, 127 (2019), Rolón Martínez v. Caldero López, 201 D.P.R. 26 (2018).

La doctrina de revisión judicial dispone que, al revisar las determinaciones administrativas, los tribunales tienen la encomienda de auscultar si las mismas fueron emitidas en virtud de los poderes delegados a la agencia y de su política pública. Capó Cruz v. Junta de Planificación, et al., 204 DPR 581 (2020) al citar a Torres Rivera v. Policía de PR, 196 DPR 606, 625-626 (2016). Para ello, los tribunales revisores deben conceder deferencia a las decisiones de las agencias administrativas, pues éstas gozan de experiencia y conocimiento especializado sobre los asuntos ante su consideración, lo que ampara sus dictámenes con una presunción de legalidad y corrección. *Íd*. Así, al realizar esta tarea, los tribunales analizarán si el remedio concedido por la agencia fue apropiado; si las determinaciones de hecho que realizó la agencia están sostenidas por evidencia sustancial y si las conclusiones de derecho fueron correctas. Asoc. Fcias v. Caribe Speciality et al. II, 179 DPR 923, 940 (2010).

### III

En apretada síntesis, la peticionaria arguye que la OGPe erró al emitir la recomendación favorable solicitada por el señor Negrón, toda vez

que la *Sentencia* emitida el 8 de marzo de 2022 en el recurso KLRA2020000106 le ordenó comenzar el proceso completo, incluyendo la celebración de una nueva vista administrativa. Además, de forma indirecta propone que la decisión recurrida está fundamentada en una disposición legal inaplicable, ya que en la discusión de sus errores hace alusión al Reglamento Conjunto del 2020, y no aquel bajo el cual se realizó la evaluación del caso (Reglamento Conjunto 2010). Tal planteamiento es repetido con mayor claridad por la señora Torres en su oposición a la desestimación del recurso. No tiene razón la parte recurrente.

En primer lugar, una lectura de la *Sentencia* emitida el 8 de marzo de 2022 en el recurso KLRA202000106 no nos convence que la disposición alcanzada en dicha ocasión por un panel hermano de este Tribunal de Apelaciones tenga la aplicación pretendida por la peticionaria. La revocación de la resolución emitida previamente en el caso de epígrafe y devolución del caso al foro administrativo fue a los efectos de que se realizara nuevamente la evaluación completa del expediente y se resolviera la consulta al amparo de las disposiciones legales correctas. Al final de cuentas, la revocación decretada se debió a que la *Resolución* indicaba que la adjudicación fue hecha al amparo del plan territorial del Municipio de Peñuelas, cuando el predio en controversia está ubicado en el Municipio de Toa Baja.

Segundo, en <u>Maldonado v. Junta Planificación</u>, 171 DPR 46 (2007), nuestro Tribunal Supremo adoptó la normativa de "reglamentación pendiente". Así, dado que un solicitante no adquiere un derecho a obtener una consulta por el mero hecho de presentar su solicitud en un momento en el que la reglamentación vigente permite la misma, si a la fecha de la presentación de la solicitud existe una nueva reglamentación pendiente de aprobación, y la misma se aprueba antes de que la solicitud se resuelva, tal reglamentación **puede** ser utilizada a la hora de conceder o denegar la

solicitud. Quiere decir esto, que contrario a lo que parece entender la peticionaria, la aplicación del Reglamento Conjunto 2020 a la consulta del recurrido es una discrecional y no obligatoria. Por tanto, no había impedimento para que la OGPe resolviera como hizo, utilizando Reglamento Conjunto 2010.

Más allá de argumentar que la decisión administrativa recurrida no cumple con una sentencia emitida por este Tribunal de Apelaciones y argumentar, sin abundar, que el Reglamento Conjunto 2010 no es la reglamentación aplicable, la peticionaria no presenta argumento adicional a los fines de impugnar la misma. La discusión ofrecida por la señora Torres al argumentar su señalamiento de error con miras a impugnar la *Resolución sobre consulta de construcción* recurrida es insuficiente para derrotar la deferencia que debemos observar hacia las decisiones administrativas. Recordemos que como arriba expusimos, dicha deferencia cede cuando las determinaciones administrativas son irrazonables, ilegales o simplemente contrarias a derecho.

Definitivamente, al considerar que las determinaciones de hechos de organismos y agencias tienen a su favor una presunción de regularidad y corrección que debe ser respetada mientras la parte que las impugne no produzca evidencia suficiente para derrotarlas, y no habiendo cumplido la peticionaria con tal requisito, no estamos en posición de concluir como propone, que procede la revocación de la *Resolución* recurrida.

IV

Por los fundamentos antes esbozados, **confirmamos** la *Resolución* emitida por la Oficina de Gerencia de Permisos (OGPe o agencia recurrida) en el caso de consulta de construcción número 2018-232562-CCO-002780.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones